**UNITED CANSO OIL & GAS, LTD., Plaintiff,**

v.

**Lawton L. CLARK, E. Keith Conrad, Billy R. Delp, John Duby, Donald L. Hiebert, Arthur J. Hohmann, J. William Holland, Thomas J. Jacobsen, George H. Laycraft, Robert W. St. Clair, Conrad-Burtt Industries, Ltd. and United Canso Oil & Gas, Ltd. Shareholders Committee, Defendants.**

No. 80 Civ. 2832.

United States District Court, S. D. New York.

June 19, 1980.

Coudert Brothers, New York City, for plaintiff; Joseph A. McManus, Susan Rothschild, New York City, of counsel.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendants; Robert J. Geniesse, Adrienne Hale, Carol V. Schwartz, New York City, of counsel.

## OPINION AND ORDER

OWEN, District Judge.

■ United Canso Oil & Gas Ltd. (the "Company") moves for a preliminary injunction to enjoin the United Canso Oil & Gas Ltd. Shareholders Committee (the "Committee") from making further proxy solicitations until defendants amend certain filings made by them with the Securities Exchange Commission (the "SEC"). Defendants are engaged in a proxy contest with incumbent management in an effort to replace the present Board of Directors with a slate nominated by the Committee. The election of the Board of Directors is scheduled to take place at the Company's annual meeting on June 23, 1980. Plaintiff seeks to require defendants to amend their Schedule 14B to disclose information required by

Section 14(a) of the Securities Exchange Act (the "Act"), 15 U.S.C. § 78n(a), and Regulations 14a–11 and 14a–102, 17 C.F.R. §§ 240.14a–11 and 240.14a–102, promulgated thereunder, and to amend their Schedule 13D to disclose information required by Section 13(d) of the Act, 15 U.S.C. § 78m(d), and Regulations 13d–1 and 13d–101, 17 C.F.R. §§ 240.13d–1 and 13d–101, promulgated thereunder. After reading the voluminous materials submitted by the parties and hearing lengthy oral argument, I conclude that plaintiff has failed to meet its burden of showing

> "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."

*Jack Kahn Music v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 758 (2d Cir. 1979). *See also Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973).

Plaintiff focuses on two alleged non-disclosures in seeking this preliminary injunction. Rothschild Affidavit ¶ 15. First, it is argued that the Committee failed to adequately detail in its SEC filings the date and circumstances surrounding the formation of the Committee.[1] In order to comply with Schedule 14B, 17 C.F.R. § 240.14a–102, the defendants were required to provide the following information:

> Item 4: Further matters. (a) Describe the time and circumstances under which you became a participant in the solicitation and state the nature and extent of your activities or proposed activities as a participant.

17 C.F.R. § 240.14a–102. The Committee and each of its members have made the following disclosures in their amended Schedule 14B:

> "Messrs. Duby, Clark, Conrad and Jacobsen, who had become owners of the is-

suer's shares in the summer of 1979, became aware at or about the time of United Canso's October 1979 Special Meeting of Shareholders that Messrs. Delp and St. Clair were, like them, concerned about the incumbent management of United Canso. On or about December 17, 1979, these shareholders, together with Messrs. Hohmann, Laycraft and Holland, formed the Shareholders Committee to consider the possible formation of a slate of candidates for election as directors of the issuer. Mr. Hohmann was contacted by Messrs. Delp and St. Clair, and Messrs. Laycraft and Holland were contacted by Mr. Duby. On or about February 12, 1980, the Committee determined to solicit proxies for the election at the next meeting of shareholders of the issuer of a slate of Committee candidates. Mr. Hiebert, who had been contacted by Mr. Duby, became a shareholder and joined the Committee on or about February 13, 1980. The Committee and its members intend to take all actions which they believe are necessary on its or their part towards the election of the Committee's candidates at the next meeting of the issuer's shareholders."

Plaintiff points to what it concedes is, at best, circumstantial evidence that the Committee was formed prior to December 17, 1979. That evidence amounts to little more than that (1) certain members of what became the Committee allegedly discussed the financial prospects of the Company in the Spring and late Fall of 1979, and that (2) Mr. Duby, the Chairman of the Committee, consulted with D. H. King & Co., Inc., a proxy solicitor firm, and Messrs. Debevoise, Plimpton, Lyons & Gates, the Committee's U.S. counsel, in mid-December 1979. On the basis of this evidence, plaintiff urges that the defendants be enjoined from soliciting proxies in connection with the June 23, 1980 election until their Schedule 14B is amended to reflect the fact that

---

1. Plaintiff concedes that many of the omissions originally alleged in their complaint have been corrected by amendments to the Schedules 13D and 14B made on June 3, 1980 by the defendants. Rothschild Affidavit ' 13; Schwartz Affidavit ' 25.

the Committee was actually formed in October and not in December 1979.[2]

On the issue of the origins of the Committee, plaintiff has not shown that it has either a substantial likelihood of success on the merits or even a serious question going to the merits. Plaintiff's proof consists of circumstantial evidence, hearsay and rank speculation. In addition, the plaintiff does not even purport to be able to prove the "materiality" of the alleged omissions or misstatements. Plaintiff's Memorandum in Further Support of Its Motion for a Preliminary Injunction at 7. Instead, plaintiff is in the unsympathetic position of seeking to invoke the Court's equitable powers to correct claimed misstatements or omissions which plaintiff virtually concedes are not "material" to the Company's shareholders.[3]

■ The broad remedial purposes of § 14(a) of the Act to insure "fair corporate sufferage" are in no way weakened by requiring a showing of "materiality" by the plaintiff. See Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). See also TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976). Contrary to the plaintiff's view, the materiality requirement does not simply fall away because the plaintiff seeks injunctive relief, as opposed to monetary damages. See Sonesta International Hotels Corp. v. Wellington Associates, 483 F.2d 247, 251 (2d Cir. 1973); Horizon Corp. v. Anselmi, 483 F.Supp. 653, 658 (D.D.C.1980); Plant Industries, Inc. v. Bregman, 490 F.Supp. 265 (S.D.N.Y.1980); Kass v. Arden-Mayfair, Inc., 431 F.Supp. 1037, 1047 (C.D.Cal.1977).

The Court is not convinced that the amendment that the plaintiff seeks to have the defendants make, i. e., a change of two months in the date of the formation of the Committee, is anything other than "nitpicking [which] should not become the name of the game." Kennecott Copper Corp. v. Curtiss-Wright Corp., 584 F.2d 1195, 1200 (2d Cir. 1978). See also Seaboard World Airlines, Inc. v. Tiger International, Inc., 600 F.2d 355 (2d Cir. 1979).

Plaintiff's second contention is that the Committee's Schedule 14B failed to name Page Petroleum Ltd. ("Page") as a "participant" in the Committee's proxy solicitation. The Committee's proxy statement discloses the following facts with reference to the so-called Page connection:

"Mr. Clark is President and Mr. Jacobsen is Executive Vice-President of Page. Both are directors of Page. In addition, Mr. Duby beneficially owns 110,000 Common Shares (less than 4% of the outstanding common shares) of Page (including 20,000 Shares owned by Engineered Project Management Ltd.), has acted from time to time as an engineering or computer programming consultant for Page, and has been furnished office facilities at Page."

Defendant's Exhibit 21 at 8. In addition, plaintiff notes that Mr. Duby has used his Page office, telephone and secretary in connection with this proxy contest without being charged by Page for these services. According to the plaintiff, Page has thereby undertaken to "finance the solicitation" by the Committee, and is required to file a Schedule 14B as a "participant" in the Committee's efforts.[4]

**2.** Plaintiff does not seriously dispute the fact that the Committee made a timely filing of its Schedule 13D on December 27, 1979. Section 13(a) of the Act, 15 U.S.C. § 78m(d) and regulations promulgated thereunder, require the filing of a Schedule 13D by any person who "is directly or indirectly the beneficial owner of more than 5 per centum" of the Company's stock. The plaintiff simply contends that the Committee's Schedule 14B, which defendants were required to file before engaging in a proxy solicitation campaign, inadequately described the origins of the Committee.

**3.** In TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976), the Supreme Court observed that "an omitted fact is material if there is substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote. . . ." Id. at 449, 96 S.Ct. at 2132.

**4.** SEC Rule 14a–11, 17 C.F.R. § 20.14a–11 defines a "participant" in a proxy solicitation in pertinent part as follows:

(4) Any person who finances or joins with another to finance the solicitation of proxies,

With respect to its second ground for injunctive relief, plaintiff has again utterly failed to demonstrate a likelihood of success on the merits or even a substantial question going to the merits. In response to the plaintiff's allegations in court papers, the press, and in communications with shareholders, Page has categorically denied any involvement with the Committee in the following press release:

"Page does not have any interest, nor does it anticipate in the future having any interest in taking over or gaining control of United Canso. The United Canso shares owned by Mr. Clark and Mr. Jacobsen . . ., are strictly personal investments, and are not related to Page's present or envisioned future plans."

Clark Affidavit Exhibit 1. In addition, Mr. Clark, Mr. Jacobsen and Mr. Duby have repeatedly denied that the Committee is in any way acting on behalf of Page. Duby Deposition at 173–74, 177–78; Jacobsen Cross-Examination in Defendant's Exhibit 30; Clark Affidavit ¶¶ 4, 6, 7. Moreover, contrary to plaintiff's assertion, Page is not furnishing Mr. Duby with financial or secretarial assistance, but has arranged to bill the Committee for services rendered to Mr. Duby. Clark Affidavit ¶ 6. Plaintiff's mere suspicion that the Committee is acting on behalf of Page is simply not sufficient to qualify Page as "a participant" within the meaning of SEC Rule 14a–11(a), 17 C.F.R. § 240.14a–11(a), or to justify the issuance of a preliminary injunction. *See, Kennecott Copper Corp. v. Curtiss-Wright Corp.*, 584 F.2d 1195, 1203–5 (2d Cir. 1978); *Twentieth Century Fox Film Corp. v. Lewis*, 334 F.Supp. 1398, 1400–01 (S.D.N.Y.1971).

Finally, it is evident on this record that plaintiff has not demonstrated that it will suffer irreparable harm if the preliminary injunction is not granted. While plaintiff contends that the shareholders may be misled as to the origins of the Committee or the Committee's connection with Page, this is highly doubtful. First, plaintiff has placed two full-page advertisements in the *Wall Street Journal* discussing the Committee and the Page connection. Second, as discussed above, the court does not regard the date of the formation of the Committee as material to the proxy solicitation contest. Even assuming *arguendo* that the Committee's SEC filings were defective in material ways, "the court possesses the power, if necessary, to void the election, order resolicitation, and otherwise 'unscramble' this kind of transaction." *Plant Industries, Inc. v. Bregman supra*, at 271. Courts are understandably reluctant to interfere with an on-going proxy solicitation absent the clearest showing of irreparable harm, *see, e. g., Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 64–65, 95 S.Ct. 2069, 2078–2079, 45 L.Ed.2d 12 (1975), and no such showing has been made here. Moreover, entirely apart from the obvious lack of merit to the plaintiff's request for injunctive relief, the eleventh hour nature of the lawsuit commenced only a few weeks before the stockholders' meeting and almost six months after the allegedly defective SEC filings, justifies denial of injunctive relief. *See McConnell v. Lucht*, 320 F.Supp. 1162, 1166 (S.D.N.Y.1970).

Given the foregoing, the plaintiff's motion for a preliminary injunction is denied.

So ordered.

---

except persons who contribute not more than $500 and who are not otherwise participants; (5) Any person who lends money or furnishes credit or enters into any other arrangements, pursuant to any contract or understanding with a participant, for the purpose of financing or otherwise inducing the purchase, sale, holding or voting of securities of the issuer by any participant or other persons, in support of or in opposition to a participant.